UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------x
KENNETH HAGERMANN,

        Plaintiff,

  -against-                   **MEMORANDUM AND ORDER**
                                 1:16-cv-05637(FB)
CAROLYN W. COLVIN,

        Defendant.
---------------------------------------------------x

*Appearances:*
For the Plaintiff                           *For the Defendant*
CHRISTOPHER JAMES BROWN        KATHLEEN ANNE MAHONEY
Center for Disability Advocacy Rights    United States Attorneys Office
100 Lafayette Street, Ste. 304           Eastern District of New York
New York, NY 10013                      271 Cadman Plaza East
                                                    Brooklyn, NY 11201

**BLOCK, Senior District Judge:**

      Plaintiff Kenneth Hagemann[1] seeks partial review of the final decision of the Commissioner of Social Security ("Commissioner") granting in part and denying in part his application for disability benefits under Title II of the Social Security Act. Both parties move for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). For the following reasons, the Commissioner's motion is denied, and

---

[1] The Court notes a significant discrepancy between the caption and complaint, which refer to plaintiff as "Kenneth Hagermann" and the majority of the pleadings and administrative record, which refer to plaintiff as "Kenneth Hagemann." Because the overwhelming weight of the references refer to the plaintiff as "Hagemann," the Court will use this name in its order.

Hagemann's motion is granted.

Hagemann worked as a firefighter employed by the New York City Fire Department ("FDNY"). On December 2010, he was injured in the course of his duties by a collapsing building. He retired on FDNY disability on August 1, 2012. He applied for Social Security Disability benefits on April 25, 2013, claiming an onset date of August 1, 2012, due to a combination of impairments, including cervical disc disease, lumbar disc disease, left shoulder arthritis, a torn right shoulder rotator cuff, a torn meniscus in the left and right knee, bursitis and bone spurs of his left elbow, gastroesophageal reflux disease, and gout.

The Social Security Administration ("SSA") initially denied his claim, but an ALJ returned a partially favorable decision on February 25, 2015. Applying the familiar five-step evaluation process,[2] the ALJ found Hagemann was disabled as of November

---

[2] Social Security Administration regulations establish a five-step process for evaluating disability claims. The Commissioner must determine "(1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a "residual functional capacity" assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's residual functional capacity, age, education, and work experience." *McIntyre v. Colvin*, 748 F.3d 146, 150 (2d Cir. 2014) (citing 20 C.F.R. § 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)(v)). The burden of proof is on the claimant in the first four steps, but shifts to the Commissioner at the fifth step. *Id.* At the fifth step, the Commissioner need only show "that there is work in the national economy that the claimant can do; he need

30, 2014, but had retained the residual functional capacity for light work with some limitations prior to this date. She awarded benefits beginning November 30, 2014. In reaching this conclusion, she gave great weight to two treating physicians, Drs. Weiner and Wilen, who both determined that Hagemann was disabled; however, they each listed his disability onset date as August 1, 2012, not November 30, 2014.

Both parties agree that the case must be remanded because the ALJ erred in choosing November 30, 2014 as Hagemann's onset date but disagree as to the necessary scope of the remand. Hagemann argues the case should be remanded solely for calculation of benefits; the Commissioner argues that further development of the record is needed to determine whether Hagemann's disability onset date was truly August 1, 2012.

However, the record is unambiguous. Both doctors agree that Hagemann's disability onset date was August 1, 2012. The ALJ gave their opinions "great weight." Admin. R. 35. Here, where the ALJ's mistake is a simple misreading of the effective date of opinions she has already credited, remand for further evidentiary proceedings would serve no purpose. *See Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980) (remand for benefits appropriate "when the record provides persuasive proof of

---

not provide additional evidence of the claimant's residual functional capacity." *Poupore v. Astrue*, 566 F.3d 303, 306 (2d Cir. 2009) (citing 20 C.F.R. § 404.1560(c)(2)).

disability and a remand for further evidentiary proceedings would serve no purpose").

Therefore, Hagemann's motion is granted. The case is remanded for calculation of benefits from the correct August 1, 2012 onset date.

**SO ORDERED**

                                      /S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

Brooklyn, New York
August 21, 2018